No. 26-10244

---

In the United States Court of Appeals for the Fifth Circuit

---

Defense Distributed,
Intervenor Plaintiff — Appellant,

v.

Todd Wallace Blanche, Acting U.S. Attorney General, in his official capacity as Attorney General of the United States; United States Department of Justice; Robert Cekada, Director, U.S. Bureau of Alcohol, Tobacco and Firearms; Bureau of Alcohol, Tobacco, Firearms, and Explosives,

Defendants—Appellees.

---

Appeal from the United States District Court for the Northern District of Texas; No. 4:22-cv-00691-O

---

**Motion to Dismiss the Appeal as Moot**

---

Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Counsel for Defense Distributed

## Table of Contents

Motion to Dismiss .......................................................................................................1

Conclusion..................................................................................................................... 2

Certificate of Compliance ............................................................................................. 3

## Motion to Dismiss

"An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b). Appellant Defense Distributed moves to dismiss the appeal as moot and have the parties bear their own costs. Appellees agree to the relief this motion requests.

The appeal challenges the district court's refusal to enter a preliminary injunction, which constituted a live and appealable decision at the time. But after the filing of both principal briefs, the district court entered a final decision via summary judgment. Docs. 330, 331. It granted Defense Distributed summary judgment on the Second Amendment and Due Process Clause claims at issue here, declared the challenged rule provisions unconstitutional, and entered a permanent injunction. *Id.* That vanquishes the earlier preliminary injunction refusal and moots this appeal, requiring dismissal. *See Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023).

Any appellate review of the parties' positions would now proceed through appeals from the final judgment, on which the parties "will be able to obtain as broad a review . . . as they could have obtained on appeal from the order granting the preliminary injunction." *La. World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984). And indeed, both an appeal and cross-appeal from the final judgment have begun as Fifth Circuit case number 26-10244. Still, the instant appeal is moot.

## Conclusion

The Court should grant the motion and enter an order dismissing the appeal as moot and having each party bear their own costs.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
chad@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Counsel for Defense Distributed

**Certificate of Compliance**

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains no more than 260 not-exempted words. This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.107.

/s/ Chad Flores
Chad Flores